JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wargofrench.com
WARGO & FRENCH LLP
601 S. Figueroa St., Suite 4625
Los Angeles, CA 90017
Tel: (310) 853-6300
Fax: (310) 853-6333

Attorneys for Defendant
OMAZE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAS KNÜTTEL, MATTHEW JURANEK, AND ADRIANA CARLIN as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OMAZE, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:21-cv-02726-JST<br><br>**SECOND ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PENDING MOTION PRACTICE (L.R. 7-11)**<br><br>Complaint Filed: April 15, 2021<br><br>Hon. Jon S. Tigar |

Defendant Omaze, Inc. ("Omaze") respectfully requests that the Court continue the case management conference in this matter, currently scheduled for October 26, 2021, for approximately one month or to a date otherwise convenient for the Court, accounting for the uncertainty surrounding case management issues while Omaze's pleadings motions are pending as set forth below. *In the alternative*, Omaze respectfully requests that the Court continue the case management conference for one week to accommodate the undersigned counsel's scheduling conflict. Omaze has conferred with Plaintiffs' counsel and represents that Plaintiffs' counsel opposes the one-month+ extension but has agreed to the one-week extension as a professional courtesy. In support of the foregoing, Omaze shows as follows:

*Request for One-Month+ Extension Based on Case Management Uncertainty*

This is Omaze's second request to continue the case management conference while its pleadings motions are pending. The first such request was granted and the case management conference continued for sixty days to its present date of October 26, 2021. ECF Nos. 42-45. The circumstances that led to the prior continuance have not changed, so Omaze believes a further extension is appropriate.

As previously detailed, Omaze filed and currently has pending three motions addressed to the pleadings in this case: (i) a motion to dismiss or transfer venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a) [Dkt. No. 14]; (ii) a motion to strike nationwide class allegations pursuant to Fed. R. Civ. P. 12(f) and 23 [Dkt. No. 15]; and (iii) a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 16] (collectively the "Motions"). These Motions carry the potential to drastically affect the direction of the current litigation. Indeed, following the resolution of the Motions, the case may be dismissed in its entirety, or may continue with the scope of the claims against Omaze narrowed, or may continue with the size and/or breadth of the putative class narrowed. The case may not even remain in front of this Court if the case is dismissed for improper venue or if it is transferred, as Omaze has requested, to the Central District of California.

1    The Motions were taken off the Court's oral argument calendar and are all

2    pending a ruling (or, if the Court is inclined to transfer venue, that motion is pending

3    a ruling while the others may be ruled upon by the transferee court).  ECF No. 37.  In

4    its original administrative motion, Omaze advised that the uncertainty surrounding the

5    resolution of the Motions makes it difficult for Omaze to productively advise the

6    Court on how this case should proceed at the case management conference or in a

7    case management statement.  For example, without knowing which claims may

8    survive the motion to dismiss (if any) and without knowing whether the putative class

9    may be nationwide in scope or limited to a statewide class, Omaze cannot

10   intelligently advise the Court on the scope of anticipated discovery, any proposed

11   limitations or modifications of the discovery rules (e.g., bifurcation of merits and

12   class discovery), or discovery scheduling.  Without knowing the scope of the putative

13   class, Omaze cannot realistically determine what will be necessary for the parties to

14   prepare for class certification briefing or develop a proposal for how and when

15   Plaintiffs must seek certification.  It would also be difficult to accurately predict the

16   length of any trial; to provide proposed dates for trial, the pre-trial conference, and

17   other key litigation dates and deadlines; or even to determine how and when to

18   conduct fruitful ADR with the foregoing issues remaining unresolved.

19   The parties conducted their Rule 26(f) conference on August 3, 2021 and have

20   a current deadline of October 19, 2021 to submit a case management statement.  As

21   Omaze recounted in its prior administrative motion, the conferral process did not, in

22   Omaze's view, substantially illuminate or resolve the aforementioned uncertainties.

23   Omaze thus continues to submit that it would be more economical and productive for

24   the parties and the Court if the case management conference were continued prior to

25   the case management statement deadline, allowing the parties to confer and advise the

26   Court on such issues at a time when such advice would be more meaningful than it

27   may be prior to a ruling on the Motions.

28

SECOND ADMIN. MTN. TO CONTINUE CASE MGMT. CONFERENCE

For the foregoing reasons, Omaze respectfully requests that the Court grant this motion and either: (i) take the case management conference off-calendar to be reset for an appropriate date upon the resolution of the Motions; or (ii) continue the case management conference for a period of thirty or more days pending the resolution of the Motions and as appropriate for the Court's calendar.

Plaintiffs oppose this relief.

### *Request for One-Week Extension Based on Scheduling Conflict*

In the alternative, while Omaze believes a longer continuance is appropriate, if the Court is not inclined to continue the case management conference for the reasons set forth above Omaze respectfully requests that the Court continue the case management conference for just one week.  The Court's prior order selected a date of October 26, 2021 for the case management conference. ECF No. 44.  However, the undersigned has a full-day mediation in another matter scheduled for that date.  A one-week continuance would avoid this scheduling conflict and permit the undersigned to appear for the case management conference.

Plaintiffs do not oppose this relief.


Dated:  October 12, 2021            WARGO & FRENCH LLP

                                    By:   */s Jeff Williams*_____
                                          JEFFREY N. WILLIAMS
                                    Attorneys for Defendant Omaze, Inc.