1  **GUTRIDE SAFIER LLP**
   SETH A. SAFIER (State Bar No. 197427)
2  ANTHONY PATEK (State Bar No. 228964)
   100 Pine Street, Suite 1250
3  San Francisco, CA 94111
   Telephone: (415) 336-6545
4  Facsimile:  (415) 449-6469

5
   Attorneys for Plaintiffs
6

7                        UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10 | ANDREAS KNÜTTEL, MATTHEW | Case No. 4:21-cv-02726-JST |
   | JURANEK, AND ADRIANA CARLIN as | |
11 | individuals, on behalf of themselves, the | **PLAINTIFFS' OPPOSITION TO** |
   | general public and those similarly situated, | **DEFENDANT'S RENEWED** |
12 | | **ADMINISTRATIVE MOTION TO** |
   | Plaintiffs, | **CONTINUE CASE MANAGEMENT** |
13 | | **CONFERENCE** |
   | | |
14 | v. | Judge: Hon. Jon S. Tigar |
15 | |
   | OMAZE, INC., a Delaware Corporation |
16 | |
   | Defendant. |
17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiffs ask the Court to deny Omaze's motion to continue the case management

2  conference scheduled for October 26, 2021 for another 30 days.[1]  If the Court is inclined to

3  continue the CMC, Plaintiffs ask the Court to continue only the conference, and not the deadline

4  for initial disclosures and the Joint Case Management Statement.

5    This is Omaze's third motion to continue the CMC, and this case has been pending for

6  six months. Whether this case remains here or is transferred to another venue, Defendants need to

7  serve their initial disclosures and a file a Joint CMC Statement.  Defendant's motions to dismiss

8  and strike are highly unlikely to eliminate these tasks either, given the likelihood of an amended

9  complaint.  Accordingly, it makes sense to move the case forward by serving initial disclosures—

10  indeed, Plaintiffs have already done so—and submitting a joint CMC.

11    Defendant's assertion that it cannot effectively participate in a CMC given the pending

12  motions does not hold water. Discovery is open, and Plaintiffs served initial disclosures[2] and

13  discovery requests. The parties are actively negotiating protective and ESI orders for the case, and

14  recently met and conferred on those issues for a third time on October 12, 2021. At that meeting,

15  Defendant represented that it was collecting documents and would respond to Plaintiffs'

16  discovery requests, including a document production, in about a month.[3] If Defendant can

17  respond to Plaintiffs' discovery requests, it can make its initial disclosures, draft a Joint CMC

18  statement, and appear for a CMC.

19  [1] Plaintiffs agreed to a 7-day continuance of the CMC as a professional courtesy based on
20  opposing counsel's representation they had a scheduling conflict.  Plaintiff did not agree to
continuance of the Joint CMC Statement or initial disclosures.

21  [2] Although Plaintiff did not intend to provide an extension of the deadline for Omaze's initial
22  disclosures, Defendant may have believed that Plaintiffs' agreement to a 7-day continuance
moved the initial disclosure deadline as well.  Even assuming Omaze's failure to serve its initial
23  disclosures by the current deadline was a good-faith misunderstanding, Defendant's initial
disclosures are still overdue.

24  [3] Defendant's representation that it would produce documents in about a month occurred in the
25  context of a request for a 30-day extension of Defendant's deadline to respond to discovery
(originally due October 16, 2021). Plaintiffs agreed to a 7-day extension to accommodate the
26  meet and confer, and then asked whether, if they granted a total of 30-days, they would receive
substantive responses in 30 days, or merely objections based on the pending motions. Opposing
27  counsel represented that Defendant would provide substantive responses, including a document
production, if given the requested extension. Based on that representation, Plaintiffs agreed to the
28  requested 30-day extension (to November 15, 2021).

PLF'S OPP. TO RENEWED ADMIN. MOT. TO CONTINUE CMC

1    As Plaintiffs stated in opposition to the last request for continuance, a CMC will be useful

2 to both parties, forcing them to plan how to proceed (irrespective of venue) and providing the

3 Court's feedback on how the case is likely to proceed. That is still the case.

4    Omaze's motion for a 30-day continuance of the CMC should be denied.  Alternately,

5 Plaintiffs ask the Court to order Defendants to serve their initial disclosures (which were due

6 October 12, 2021) and for both parties to submit a Joint CMC Statement by the current deadline

7 of October 19, 2021.

8

9

10    Dated:  October 14, 2021          **GUTRIDE SAFIER LLP**

11                                      /s/Anthony J. Patek/s/
                                        Anthony J. Patek, Esq.
12                                      100 Pine Street, Suite 1250
                                        San Francisco, California 94111
13
                                        Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28