JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wargofrench.com
WARGO & FRENCH LLP
601 S. Figueroa St., Suite 4625
Los Angeles, CA 90017
Tel: (310) 853-6300
Fax: (310) 853-6333

Attorneys for Defendant
OMAZE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAS KNÜTTEL, MATTHEW JURANEK, AND ADRIANA CARLIN as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OMAZE, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 4:21-cv-02726-JST<br><br>**THIRD ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PENDING MOTION PRACTICE (L.R. 7-11)**<br><br>Complaint Filed: April 15, 2021<br><br>Hon. Jon S. Tigar |

Defendant Omaze, Inc. ("Omaze") respectfully requests that the Court continue the case management conference in this matter, currently scheduled for November 23, 2021, for approximately forty-five days or to a date otherwise convenient for the Court, accounting for the uncertainty surrounding case management issues while Omaze's pleadings motions are pending as set forth below. Omaze has conferred with Plaintiffs' counsel and represents that Plaintiffs oppose any continuance of the case management conference. In support of the foregoing, Omaze shows as follows:

This is Omaze's third request to continue the case management conference while its pleadings motions are pending. The first such request was granted and the case management conference was continued for sixty days to October 26, 2021. ECF Nos. 42-45. The second such request was granted and the case management conference was continued for four weeks to its present date of November 23, 2021. ECF Nos. 46, 47-49. The circumstances that led to the prior continuances have not changed, so Omaze believes a further continuance is appropriate.

As previously detailed, Omaze filed and currently has pending three motions addressed to the pleadings in this case: (i) a motion to dismiss or transfer venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a) [Dkt. No. 14]; (ii) a motion to strike nationwide class allegations pursuant to Fed. R. Civ. P. 12(f) and 23 [Dkt. No. 15]; and (iii) a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 16] (collectively the "Motions"). These Motions carry the potential to drastically affect the direction of the current litigation. Indeed, following the resolution of the Motions, the case may be dismissed in its entirety, or may continue with the scope of the claims against Omaze narrowed, or may continue with the size and/or breadth of the putative class narrowed. The case may not even remain in front of this Court if the case is dismissed for improper venue or if it is transferred, as Omaze has requested, to the Central District of California.

The Motions were taken off the Court's oral argument calendar and are all pending a ruling (or, if the Court is inclined to transfer venue, that motion is pending a ruling while the others may be ruled upon by the transferee court). ECF No. 37.

In its original administrative motion, Omaze advised that the uncertainty surrounding the resolution of the Motions makes it difficult for Omaze to productively advise the Court on how this case should proceed at the case management conference or in a case management statement. For example, without knowing which claims may survive the motion to dismiss (if any) and without knowing whether the putative class may be nationwide in scope or limited to a statewide class, Omaze cannot intelligently advise the Court on the scope of anticipated discovery, proposed limitations or modifications of the discovery rules, or discovery scheduling.[1] Without knowing the scope of the putative class, Omaze cannot realistically determine what will be necessary for the parties to prepare for class certification briefing or develop a proposal for how and when Plaintiffs must seek certification. It would also be difficult to accurately predict the length of any trial; to provide proposed dates for trial, the pre-trial conference, and other key litigation dates and deadlines; or even to determine how and when to conduct fruitful ADR with the foregoing issues remaining unresolved.

The parties conducted their Rule 26(f) conference on August 3, 2021 and have a current deadline of November 16, 2021 to submit a case management statement. As

---

[1] Omaze has now received and is in the process of responding to interrogatories and requests for production from Plaintiffs. Omaze still believes that discovery and discovery motions are premature and impose a potentially-unnecessary burden at this phase of the proceedings; *i.e.*, prior to a ruling on the Motions that could drastically change this case and/or send the case to a different court. However, Plaintiffs have indicated their intent to require responses and documents prior to a ruling on the Motions, meaning that if Omaze seeks to bifurcate discovery between class and merits issues, it must make that motion forthwith. Plaintiffs generally oppose bifurcation; however, the parties shall meet and confer on this issue and Omaze will present its motion following conferral efforts.

Omaze recounted in its prior administrative motion, the conferral process did not, in Omaze's view, substantially illuminate or resolve the aforementioned uncertainties. Omaze thus continues to submit that it would be more economical and productive for the parties and the Court if the case management conference were continued prior to the case management statement deadline, allowing the parties to confer and advise the Court on such issues at a time when such advice would be more meaningful than it may be prior to a ruling on the Motions.

    For the foregoing reasons, Omaze respectfully requests that the Court grant this motion and either: (i) take the case management conference off-calendar to be reset for an appropriate date upon the resolution of the Motions; or (ii) continue the case management conference for a period of forty-five or more days pending the resolution of the Motions and as appropriate for the Court's calendar.[2]

Dated:  November 12, 2021        WARGO & FRENCH LLP

                              By:  */s Jeff Williams*
                                  JEFFREY N. WILLIAMS
                           Attorneys for Defendant Omaze, Inc.

---

[2] A continuance of forty-five days would place the case management conference some time in early January to avoid conflicts around the holidays.  Plaintiffs oppose a continuance generally, but do agree it would make sense to schedule the continuance to avoid the holidays.